USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:__5/26/26__

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

RBSF INTERMEDIATE HOLDINGS, INC.,

                    Plaintiff,

        - against -

EXECUTIVE DECISIONS GROUP, INC. et al.,

                    Defendants.

---

**25-CV-10578(VM)**

**ORDER**

---

**VICTOR MARRERO, United States District Judge.**

Before the Court is the motion of plaintiff RBSF Intermediate Holdings, Inc. ("RBSF") for a default judgment, pursuant to Federal Rule of Civil Procedure 55, against defendants Executive Decisions Group., Inc. and Robert R. Stidham, Jr. (collectively "Defendants"). (See Dkt. No. 14.)

RBSF has made a showing that it is entitled to default for Defendants' failure to defend. However, the Motion for Default Judgment is procedurally defective due to RBSF's failure to comply with Local Civil Rules 55.2 and 7.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, as well as the procedures for obtaining a default judgment provided in Attachment Two to this Court's Individual Practices. Because of the procedural defects in RBSF's Motion, the Motion for Default Judgment is **DENIED** without prejudice.

"[P]rior to entering [a] default judgment, a district court is required to determine whether the plaintiff's allegations establish the defendant's liability as a matter of law." Moore v. Booth, 122 F.4th 61, 69 (2d Cir. 2024) (quoting City Of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011)). "In order words, 'a district court may not enter a default judgment unless the plaintiff's complaint states a valid facial claim for relief.'" Id. (quoting Henry v. Oluwole, 108 F.4th 45, 55 (2d Cir. 2024)).

To that end, this Court's Individual Practices require a plaintiff seeking a default judgment to proceed by way of a motion for default judgment pursuant to Local Civil Rules 55.1 and 55.2. Local Civil Rule 55.2(a)(2) requires that motions for default judgment be accompanied by a memorandum of law consistent with Local Civil Rule 7.1. See Local Civil Rule 55.2(a)(2). Local Civil Rule 7.1 in turn requires "a memorandum of law, setting forth the cases and other authorities relied on in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined" as well as "[s]upporting affidavits and exhibits thereto containing any factual information and portions of the record necessary for the decision of the motion." Local Civil Rule 7.1(a)(2)-(3). The filings required by Local Civil Rules 55.2 and 7.1 are necessary for the Court

to determine whether the allegations in the complaint state a valid cause of action and that the moving party is entitled to relief.

"Local rules have the force of law, as long as they do not conflict with a rule prescribed by the Supreme Court, Congress, or the Constitution." Lopez v. Metro & Graham LLC, No. 22-CV-332, 2022 WL 18809176, at *3 (E.D.N.Y. Dec. 16, 2022) (quoting Contino v. United States, 535 F.3d 124, 126 (2d Cir. 2008)), report and recommendation adopted, 2023 WL 2140418 (E.D.N.Y. Feb. 21, 2023). "[C]ourts in the Eastern and Southern Districts regularly deny [default judgment] motions when strict procedural compliance is lacking." See Campbell v. Isolator Fitness, Inc., No. 23-CV-2286, 2023 WL 6444904, at *2 (S.D.N.Y. Oct. 3, 2023) (quoting United States v. Hamilton, No. 18-CV-2011, 2019 WL 6830318, at *2 (E.D.N.Y. Nov. 26, 2019)), report and recommendation adopted, 2019 WL 6828276 (E.D.N.Y. Dec. 13, 2019). "A motion for default judgment will not be granted unless the party making the motion adheres to all of the applicable procedural rules." Bhagwat v. Queens Carpet Mall, Inc., No. 14-CV-5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017); see also Saheed v. Parker, No. 17-CV-6151, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) (denying motion for default judgment because

"[p]laintiff's moving papers do not demonstrate that [plaintiff] has complied with" Local Civil Rule 55.2).

In support of its Motion for Default Judgment, RBSF filed a declaration by counsel Jon L. Swergold concerning its request for attorneys' fees and costs, a declaration by RBSF's Corporate Representative Robert Anton, and a proposed default judgment order. (See Dkt. Nos. 14-15.) None of these filings can substitute for a "memorandum of law, setting forth the cases and other authorities relied on in support of the motion." Local Civil Rule 7.1(2). None of RBSF's filings cite any legal authority in support of its entitlement to relief. RBSF's failure to submit a memorandum of law is "not a harmless procedural defect," but undermines the Court's ability to determine its entitlement to relief. JC Hosp. v. Hochberg, No. 23-CV-02051, 2024 WL 4904682, at *2 (S.D.N.Y. Nov. 27, 2024) ("The Court relies on such memoranda to determine whether the plaintiff's allegations state a claim for relief, particularly in a default judgment where the Court does not have the benefit of oppositional briefing on liability and relief.")

Additionally, Local Civil Rule 55.2 requires that a certificate of service be filed with respect to the default judgment papers, including the Clerk's Certificate of Default. See Local Civil Rule 55.2(a)(3). RBSF has not filed

4

that certificate of service. That failure also supports denial of RBSF's motion. See Abbas v. Hestia Tobacco, LLC, No. 18-CV-5151, 2020 WL 9812912, at *3 (E.D.N.Y. Aug. 28, 2020) ("Plaintiff's failure to comply with Local Rule 55.2 warrants denial of the motion, without prejudice to renewal upon demonstration of proper service.").

Accordingly, RBSF's Motion for Default Judgment is **DENIED** without prejudice for RBSF to renew its motion in full compliance with the requirements of Local Civil Rules 55.2 and 7.1, as well as this Court's Individual Practices.


**SO ORDERED.**

Dated:     26 May 2026
           New York, New York

_____
          Victor Marrero
          U.S.D.J.